In the Matter of LEVCO THEATRE CORPORATION, Petitioner, against PAUL MOSS, as Commissioner of Licenses of the City of New York, Respondent.

Supreme Court, Special Term, Kings County, April 8, 1943.

*J. Leff* for petitioner.

*Thomas D. Thacher, Corporation Counsel,* for respondent.

DALY, J. Petitioner seeks an order in the nature of mandamus to compel the respondent, as Commissioner of Licenses of the City of New York, to renew a license under sections B32-28.0 and B32-29.0 of the Administrative Code of the City of New York (L. 1937, ch. 929), permitting petitioner to operate under what is commonly known as a " matron theatre " license. The petitioner operates a theatre and on January 23, 1943, had a license commonly known as a " matron theatre " license, as distinguished from the license to operate the theatre in general. The " matron theatre " license provides, among other things,

that unaccompanied children entering the theatre must sit in a certain section especially provided for them under the supervision of a matron. On January 23, 1943, police officers entered the theatre and found children sitting in parts of the theatre other than the section especially provided for them and unattended by adults. A summons was issued and, after trial in the Court of Special Sessions, Fay Siegel, who operates the theatre under the corporate name, was found guilty of a violation of section 484 of the Penal Law of the State of New York. As a result of the violation on January 23, 1943, the operators of the theatre were given hearings before the Commissioner of Licenses on February 4, 1943, and on March 19, 1943, and after such hearings the "matron theatre" license was revoked.

The petitioner seeks an order in the nature of mandamus on the grounds that (1) no hearing was held in accordance with the provisions of the Administrative Code of the City of New York; and (2) the action of the Commissioner was arbitrary and unreasonable.

The minutes of the hearing held before the Commissioner show that on February 4, 1943, Fay Siegel, together with her attorney and police officers Cohen and Kaiser were present before the Commissioner. Officer Kaiser testified before the Commissioner as to the facts upon which the violation was based. The attorney for the petitioner cross-examined Officer Kaiser. The Commissioner reserved decision in the case and on March 19, 1943, a further hearing was held in which Fay Siegel testified, and after that hearing the Commissioner granted a license for the theatre, but revoked the license known as the "matron theatre" license. The record of both hearings discloses a full and complete hearing granted to the petitioner. An examination of the record reveals nothing in the Commissioner's determination which was either arbitrary or unreasonable. There was sufficient evidence presented at the hearing upon which the Commissioner's discretion was exercised in revoking the "matron theatre" license. The application is, therefore, denied in all respects.

(On reargument, April 30, 1943.)

Motion for reargument granted and upon the reargument the original decision is adhered to. Accordingly, the application is denied in all respects. Settle order on notice.